**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━    )
                                 )
ALDO FERNANDO                    )
GUERRERO-CLAVIJO,                )
                                 )
          Petitioner,            )
                                 )            Criminal Action
          v.                     )            No. 11-10187-PBS
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Respondent.            )
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━    )
```

**MEMORANDUM AND ORDER**

March 17, 2017

Saris, C.J.


     Pro se petitioner Aldo Fernando Guerrero-Clavijo
("Guerrero") has moved under 28 U.S.C. § 2255 to vacate his
conviction and 144-month sentence for drug trafficking and money
laundering. In his 78-page brief, Guerrero reasserts many
arguments that were raised in his direct appeal. Guerrero also
alleges that his counsel was constitutionally deficient. After
review of the briefs, the Court **DENIES** the petition (Docket No.
907).

**FACTUAL BACKGROUND**

     On May 12, 2011, a federal grand jury returned an
indictment charging Guerrero and nineteen codefendants with

1

multiple drug trafficking and money laundering violations. On
July 12, 2013, Guerrero pleaded guilty to thirteen counts of the
indictment: conspiracy to launder money and to import cocaine
into the United States (Counts 1 and 2) and substantive money
laundering (Counts 4 through 6, 8, 9, and 11 through 16).
Guerrero did not object to the presentence report's
recommendation that the base offense level was 28, premised on
money laundering of at least seven million dollars. Guerrero
also did not object to guideline enhancements under U.S.S.G.
§§ 2S1.1(b)(1) and (b)(2)(C) for knowledge of drug trafficking
as the source of funds and for being in the business of money
laundering. He did, however, object to the presentence report's
recommendation of a four-level enhancement under U.S.S.G. §
3B1.1 as a leader or organizer in a criminal activity that
involved five or more people or was otherwise extensive.

Guerrero's sentencing hearing occurred on January 21, 2014.
The principal dispute regarded his role in the offense and the
appropriate sentencing guidelines enhancement under § 3B1.1, if
any. After hearing argument and considering testimony from an
earlier evidentiary hearing, the Court applied a three-level
enhancement. See Sentencing Memorandum, Docket No. 725-1 (dated
Jan. 28, 2014).

Guerrero conceded that he was responsible for at least $7
million in funds laundered between January 2008 and May 2011,

2

giving a base offense level of 28 per U.S.S.G. § 2S1.1(a)(2).
After including enhancements under the Guidelines, the Court
found that the total offense level was 38 and the criminal
history category was I, resulting in an advisory guideline range
of 235 to 240 months. The Court varied downward and sentenced
Guerrero to 144 months. Guerrero appealed on four sentencing-
related grounds and the First Circuit granted the government's
motion for summary disposition. <u>See</u> Docket No. 837.

## DISCUSSION

### I.   Standard of Review

Section 2255 "provides for post-conviction relief in four
instances, namely, if the petitioner's sentence (1) was imposed
in violation of the Constitution, or (2) was imposed by a
court that lacked jurisdiction, or (3) exceeded the statutory
maximum, or (4) was otherwise subject to collateral attack."
<u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998)
(citing <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962)). The
petitioner bears the burden of establishing the need for relief,
as well as that of showing the need for an evidentiary hearing.
<u>See Barrett v. United States</u>, 965 F.2d 1184, 1186 (1st Cir.
1992). "An evidentiary hearing is not required where the section
2255 petition, any accompanying exhibits, and the record
evidence 'plainly [reveal] . . . that the movant is not entitled
to relief.'" <u>Id.</u> (quoting Rule 4(b), Rules Governing § 2255

3

Proceedings). Summary dismissal of a section 2255 claim is appropriate when the petition "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Id. (citation omitted). Section 2255 review is not a place to relititgate matters raised on appeal nor to raise issues that could have been presented on appeal. See Singleton v. United States, 26 F.3d 233, 239-40 (1st Cir. 1993).

Guerrero claims his counsel was constitutionally ineffective for five reasons. To succeed on an ineffective assistance of counsel claim, the petitioner must establish that (1) counsel's representation fell below "an objective standard of reasonableness" and (2) a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Review of counsel's performance is "highly deferential" and subject to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining

4

prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010); see Malone v. Clarke, 536 F.3d 54, 64 (1st Cir. 2008) ("[I]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Under the first prong, a petitioner must show that "given the facts known at the time, counsel's 'choice was so patently unreasonable that no competent attorney would have made it.'" Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006). Counsel's tactical decisions cannot generally form a basis for an ineffective assistance of counsel claim. Murchu v. United States, 926 F.2d 50, 58 (1st Cir. 1991) ("[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." (quoting United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983))).

The second prong of the Strickland test requires a petitioner to demonstrate actual prejudice from the alleged mistakes of counsel. Rice v. Hall, 564 F.3d 523, 525 (1st Cir. 2009) (describing the second prong as a "prejudice requirement" that has been "variously stated"). That is, "the [petitioner] must show that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would

have been different." <u>Sleeper v. Spencer</u>, 510 F.3d 32, 39 (1st Cir. 2007) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 537 (2003)).

To prevail on a section 2255 ineffective-assistance claim, a petitioner must establish both ineffective assistance of counsel and entitlement to habeas relief by a preponderance of the evidence. <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993) ("The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence.").

With these principles in mind, this Court turns to petitioner's particular allegations within his ineffective-assistance claim. As Guerrero is proceeding pro se, this Court interprets his petition liberally. <u>See</u> <u>Butterworth v. United States</u>, 775 F.3d 459, 469 (1st Cir. 2015) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).

## II. **Failure to Challenge the Indictment**

Guerrero argues that his counsel was constitutionally ineffective because he failed to challenge the indictment on multiplicity and duplicity grounds. Guerrero's argument rests on the contention that the indictment charged multiple individual money laundering transactions in different counts, thus violating the rule against multiplicity. A multiplicitous indictment violates the Constitution's Double Jeopardy Clause, <u>see</u> U.S. Const. amend. V, if it charges a single offense in more than one count. <u>United States v. Brandon</u>, 17 F.3d 409, 422 (1st

6

Cir. 1994). "The critical inquiry is whether Congress intended to punish each statutory violation separately." <u>Jeffers v. United States</u>, 432 U.S. 137, 155 (1977).

Guerrero also argues that multiple money laundering transactions were charged in the same count(s), thus violating the rule against duplicity. "An indictment is improper if it joins, in a single count, two or more distinct offenses." <u>United States v. Prieto</u>, 812 F.3d 6, 11 (1st Cir. 2016), <u>cert. denied</u>, 137 S. Ct. 127 (2016). Duplicity gives rise to constitutional concerns, in part, because it makes it possible "that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." <u>United States v. Valerio</u>, 48 F.3d 58, 63 (1st Cir. 1995).

A.   **<u>Multiplicity</u>**

The indictment charges money laundering as one ongoing transaction from the initial delivery of currency to the final transfer of funds to the destination bank account, including any intermediary deposits and transfers. <u>See, e.g.</u>, Docket No. 2, Count Four (describing one money laundering transaction with funds delivered in Guatemala, then deposited and transferred to a financial institution in Massachusetts, and then transferred to a bank account in Florida). The indictment also includes conspiracy counts related to that conduct. <u>See</u> Docket No. 2, Counts One and Two. But "[w]here the same act or transaction

7

constitutes a violation of two distinct statutory provisions,
the test to be applied to determine whether there are two
offenses or only one, is whether each provision requires proof
of a fact which the other does not." United States v. Serino,
835 F.2d 924, 930 (1st Cir. 1987) (quoting Blockburger v. United
States, 284 U.S. 299, 304 (1932)). Here, the conspiracy charges
and the money laundering charges were not multiplicitous because
each required proof of a fact the other did not. Conspiracy
required proof on an agreement to commit the underlying crime.
The substantive charges required proof that the substantive
crime was committed. "[C]onspiracy to commit an offense and the
subsequent commission of that crime normally do not merge into a
single punishable act." United States v. Smith, 46 F.3d 1223,
1234 (1st Cir. 1995) (quoting Iannelli v. United States, 420
U.S. 770, 777 (1975)).

### B.  Duplicity

The duplicity argument similarly fails. The money
laundering counts in the indictment charged each financial
transaction separately. Charging multiple subtransactions in a
single money laundering count does not make the indictment
duplicitous. See United States v. Hall, 434 F.3d 42, 54 n.4 (1st
Cir. 2006). Section 1956 defines "financial transaction" as the

unit of prosecution. See 18 U.S.C. § 1956(a)(1). The statute

goes on to define "financial transaction" as:

> (A) a transaction which in any way or degree affects
> interstate or foreign commerce (i) involving the
> movement of funds by wire or other means or (ii)
> involving one or more monetary instruments, . . . or
> (B) a transaction involving the use of a financial
> institution which is engaged in, or the activities of
> which affect, interstate or foreign commerce in any
> way or degree[.]

See id. § 1956(c)(4). Courts interpreting the statute have held

that a single money laundering count can encompass multiple

subtransactions, because money laundering often involves

sequences of acts designed to obscure the source of funds. See

United States v. Moloney, 287 F.3d 236, 241 (2d Cir. 2002)

abrogated on other grounds by United States v. Cotton, 535 U.S.

625 (2002).

Although the statute's definition of "financial

transaction" leaves some question as to whether each

subtransaction must be charged separately, a different

subsection within section 1956, analyzing venue, supports the

indictment's method of charging and leads to the conclusion that

the indictment was not duplicitous. "For purposes of this

section, a transfer of funds from 1 place to another, by wire or

any other means, shall constitute a single, continuing

transaction." 18 U.S.C. § 1956(i)(3). This subsection guides the

interpretation here. Cf. Erienbaugh v. United States, 409 U.S.

239, 243–44 (1972) (applying the <u>in pari materia</u> canon of
statutory interpretation to interpret the Travel Act). The
indictment charged each transaction from start point to end
point in one count. Therefore, the indictment was not
duplicitous.

   C.   <u>Analysis</u>

   As the indictment was neither multiplicitous nor
duplicitous, it was not unreasonable for counsel to not
challenge the indictment on those grounds, and Guerrero was not
prejudiced.

## III. <u>Knowing and Voluntary Plea</u>

   Guerrero next asserts that his guilty plea was not knowing
and voluntary because his counsel was ineffective in telling
Guerrero that, if he pleaded guilty, Guerrero would receive a
sentence below the statutory minimum for the drug conspiracy
charge under the sentencing guidelines' "safety valve"
provisions. <u>See</u> Docket No. 930, at 2–3.

   Generally, "a voluntary and intelligent plea of guilty made
by an accused person, who has been advised by competent counsel,
may not be collaterally attacked." <u>Wilkins v. United States</u>, 754
F.3d 24, 28 (1st Cir. 2014) (quoting <u>Mabry v. Johnson</u>, 467 U.S.
504, 508 (1984)). Guerrero has not presented any sworn evidence
that counsel did not adequately explain the consequences of his
plea, and this Court went through a full colloquy with Guerrero

10

before finding the plea was knowing and voluntary. See Docket No. 559 at 20-25, 30-74.

Even if Guerrero's counsel made certain representations about the sentence Guerrero would receive if he pleaded guilty, i.e. whether Guerrero would get below a ten-year sentence, that would not rise to ineffective assistance of counsel. See Moreno-Espada v. United States, 666 F.3d 60, 65 (1st Cir. 2012) (noting that counsel's failure to properly calculate defendant's sentence exposure, without more, does not amount to prejudice under Strickland). Regardless of what the attorney said about the applicability of the safety valve, defendant was not prejudiced because the operative guideline was the money laundering guideline, to which the safety valve does not apply.

Guerrero's argument that his counsel should have argued that he laundered less than $7 million (which, if found by the Court, would have made the drug conspiracy guideline operative) does not change the analysis because the presentence report contained ample evidence that more than $7 million was laundered as part of the scheme. See Presentence Report ¶ 245 (listing forty-seven money laundering transactions from January 2008 to May 2011, totaling more than $12 million); Presentence Report Objection #62 (listing sixteen transactions totaling $3,231,774 that Guerrero did not recognize or recall, but acknowledging

that, even if all sixteen were excluded, his base offense level would likely remain the same).

Moreover, even if there was a basis for challenging the $7 million amount, this Court found that Guerrero was subject to a role enhancement under U.S.S.G. § 3B1.1, making him ineligible for the "safety valve." <u>See</u> 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2(a)(4). Thus, again, Guerrero was not prejudiced under <u>Strickland</u>.

## IV.   **Failure to Obtain a § 5K1.1 Downward Departure**

Guerrero next claims that his counsel was ineffective because he did not obtain a plea agreement that bound the government to move for a downward departure under § 5K1.1 of the sentencing guidelines. This argument is unavailing.

Guerrero had no right to a plea agreement, <u>see</u> <u>United States v. Rodriguez-Duran</u>, 507 F.3d 749, 766 (1st Cir. 2007) (citing <u>Weatherford v. Bursey</u>, 429 U.S. 545, 561 (1977)), let alone one that required the government to move for a downward departure. In fact, Guerrero pleaded guilty without a plea agreement. <u>See</u> Docket No. 559 at 22. The record reflects that counsel successfully advocated for a sentence well below the guideline range. Guerrero was not prejudiced under <u>Strickland</u>.

## V.   **Amount of Money Laundering**

Guerrero next appears to contend that his counsel was ineffective for failing to argue that the amount of illegal

12

"proceeds" laundered was far less than he was charged and sentenced for in light of the Supreme Court's interpretation of the statutory term "proceeds" in <u>United States v. Santos</u>, 553 U.S. 507 (2008). <u>See</u> Docket No. 909 at 28-33.[1] In <u>Santos</u>, a plurality of the Supreme Court, in the context of an illegal lottery operation prosecution, applied the rule of lenity to interpret the term "proceeds" in 18 U.S.C. § 1956(a)(1) to mean "profits," rather than "gross receipts." <u>See</u> 553 U.S. at 514.

However, Justice Stevens' opinion in <u>Santos</u> forecloses Guerrero's argument. Because Justice Stevens' vote was necessary to the judgment in <u>Santos</u>, his concurrence limits the holding. <u>See</u> <u>Santos</u>, 553 U.S. at 523 (plurality opinion) (citing <u>Marks v. United States</u>, 430 U.S. 188, 193 (1977)). Justice Stevens agreed with the four dissenting Justices in <u>Santos</u> that "the legislative history of § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales." <u>Id.</u> at 525-26 (Stevens, J., concurring in the judgment); <u>see also</u> <u>id.</u> at 532 n.1 (Alito, J., dissenting) (noting that five Justices agree with Justice

---

[1] The government characterizes this as a merger argument. <u>See</u> Docket No. 929 at 12-13. Guerrero uses the term "merger" to describe the facts of <u>Santos</u>, <u>see</u> Docket No. 909 at 29, as does the <u>Santos</u> plurality, <u>see</u> 553 U.S. at 515-19, but that does not appear to be the crux of Guerrero's argument.

Stevens' position on this issue). Even if the laundered funds attributed to Guerrero were gross revenues instead of profits, they still constitute proceeds under section 1956. See United States v. Adorno-Molina, 774 F.3d 116, 123-24 (1st Cir. 2014) (distinguishing the Santos plurality in drug trafficking cases and collecting cases). Nor does it matter for sentencing purposes how much Guerrero himself profited from the money laundering scheme. "At sentencing, a defendant in a jointly undertaken criminal activity is liable for the harm resulting from acts directly attributable to him and for the harm resulting from the reasonably foreseeable acts of others taken in furtherance of the jointly undertaken criminal activity." United States v. Pizarro-Berrios, 448 F.3d 1, 6 (1st Cir. 2006).

Therefore, even if the money laundering charges related to gross receipts, the result would be the same. Guerrero was not prejudiced by counsel's not raising a "futile" challenge. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

## VI. **Sentencing**

Guerrero makes two arguments regarding his sentence that in many ways mirror his contention that his plea was not knowing and voluntary. First, Guerrero argues that his counsel was ineffective because he failed to argue that the amount of money laundered in the counts to which he pleaded guilty was less than

$7 million. As discussed above, this argument is foreclosed by the facts in the record.

Second, Guerrero argues that his counsel failed to persuade the Court that he should not be subject to a § 3B1.1 offense level increase for his role in the offense. As the record reflects, counsel represented Guerrero's interests at the sentencing hearing. See Docket No. 740. Counsel made extensive argument that Guerrero was not subject to a role-in-the-offense increase under § 3B1.1. See id. at 9-14. Guerrero argues that the Court based its decision to impose a three-level role-in-the-offense increase on the self-serving testimony of a codefendant. See Docket No. 909 at 9-10. That was not the case. The decision to impose a three-level increase was based on video evidence and testimony from an undercover investigator. See Docket No. 740 at 14-15.

Finally, Guerrero argues that his sentence was greater than that of his codefendants. At sentencing, counsel argued that Guerrero should be sentenced to a term equal to that of the codefendants. This Court considered Guerrero's codefendants and took steps to achieve proportionality in sentencing. See United States v. Martin, 520 F.3d 87, 94 (1st Cir. 2008) (noting sentencing courts' discretion to align codefentants' sentence to reflect degrees of culpability where disparities threaten to undermine confidence in the criminal justice system). Because

15

Guerrero had a "significantly greater role" compared to the codefendants, the Court imposed a 144-month sentence. Docket No. 740 at 29-30.

In sum, although counsel did not achieve the sentencing outcome Guerrero hoped for, there is no evidence that Guerrero's representation at sentencing was constitutionally deficient.

## ORDER

For the foregoing reasons, Guerrero's petition for his conviction or sentence to be vacated, or in the alternative for an evidentiary hearing on his claims (Docket No. 907), is **DENIED**.

/s/ PATTI B. SARIS
PATTI B. SARIS
Chief United States District Judge